## IN THE COUNTY COURT OF
## DESOTO COUNTY, MISSISSIPPI

**BETTY CULBREATH**                                               **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.:** *CO2022-03884D*

**HOBBY LOBBY STORES, INC.**                          **DEFENDANT**

### *SUMMONS*

**THE STATE OF MISSISSIPPI**

TO:   Hobby Lobby Stores, Inc.
      By and Through its Registered Agent
      CSC of Rankin County, Inc.
      Mirror Lake Plaza
      2829 Lakeland Drive, Suite 1502
      Flowood, Mississippi 39232

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to J. Wesley Hisaw, the attorney for the Plaintiff(s), whose Post Office address is P.O. Box 256, Horn Lake, Mississippi 38637, and whose street address is 3010 Goodman Road West, Suite A, Horn Lake, Mississippi 38637. Your response must be mailed or delivered within **thirty (30)** days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ____ day of March, 2022.

*BSmith .DC*

County Court Clerk of DeSoto County, Mississippi
2535 Highway 51 South
Hernando, Mississippi 38632

## IN THE COUNTY COURT OF
## DESOTO COUNTY, MISSISSIPPI

BETTY CULBREATH                                    PLAINTIFF

VS.                              CIVIL ACTION NO.: CO2022-0388CD

HOBBY LOBBY STORES, INC.                           DEFENDANT

## COMPLAINT FOR DAMAGES
### *Jury Trial Requested*

Comes now the Plaintiff, Betty Culbreath, who submits this Complaint for Damages against Hobby Lobby Stores, Inc., and in support thereof, would show the following:

### **Parties**

(1) Plaintiff Betty Culbreath is an adult resident citizen of DeSoto County, Mississippi.

(2) Defendant Hobby Lobby Stores, Inc. is an Oklahoma business which may be served through its registered agent, CSC of Rankin County, Inc, Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232 that does business as Hobby Lobby located at 5115 Goodman Rd, Olive Branch, Mississippi 38654.



FILED
DESOTO COUNTY, MS

MAR 11 2022

CIRCUIT COURT CLERK

1

## Jurisdiction and Venue

(3) This Court has jurisdiction over the parties to this civil action and over the subject matter of this case.

(4) Venue is proper in the DeSoto County, Mississippi, pursuant to Miss. Code Ann. §11-11-3, because a substantial alleged act(s) or omission(s) occurred in DeSoto County, Mississippi.

## Facts

(5) Hobby Lobby Stores, Inc. ("Hobby Lobby") maintains a store located at located on 5115 Goodman Rd, Olive Branch, Mississippi 38654.

(6) On or about November 11, 2019, Plaintiff entered the Hobby Lobby Store to make a purchase.

(7) After making her purchase, unbeknownst to Plaintiff, the rug and/or mat at the entry to the store was curled and/or bunched up.

(8) There were no adequate warning signs present to indicate to Plaintiff that the rug and/or mat was in this condition.

(9) Upon leaving the store, Plaintiff's foot caught the bunched and/or curled up part of the mat and she struck her shoulder and other parts of her body against the ground.

(10) As a result of the fall, Plaintiff suffered severe injuries including, but not limited to a broken shoulder which required surgery and physical therapy.

### Cause of Action

(11)  At the time of the fall, Defendant was the lessee of the subject property with control of the area in question.

(12)  At the time of the fall, Plaintiff was a business invitee.

(13)  At all relevant times, Defendant maintained a duty to exercise reasonable care to keep its premises in a reasonably safe condition and to warn of dangerous conditions not readily apparent, of which it knew of, or should have known of, in the exercise of reasonable care.

(14)  As lessee of the premises, Defendant, among other things, had the duty to maintain its premises in a safe condition for individuals on its property such as Plaintiff, and to inspect and remove any and all potential hazards as to individuals on its property such as Plaintiff.

(15)  Defendant breached its duties to Plaintiff, and was therefore negligent, in one or more of the following ways:

    1)  Failure to maintain the premises in a reasonably safe condition;

    2)  Negligently creating a dangerous condition on the premises;

    3)  Failure to warn Plaintiff of a dangerous condition on its premises of which the Defendant knew about;

    4)  Failure to warn Plaintiff of a dangerous condition on its premises of which the Defendant should have known about with the exercise of due diligence;

    5)  Failure to warn Plaintiff that the rug and/or mat was in a defective condition;

    6)  Failure to remedy the dangerous condition on the premises;

    7)  Failure to otherwise exercise due care with respect to the allegations contained in this Complaint; and/or

    8)  Any and all other negligent acts and/or omissions which may be shown during the course of proceedings on this cause.

(16)  Defendant's negligence was the proximate cause, or proximate contributing cause, of the above-described incident, the resulting injuries to Plaintiff, and the resulting damages and losses described herein.

## Damages

(17)  As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and incurred substantial damages including, but not limited to, the following:

    1)  Past and future medical expenses and other economic loss;

    2)  Past and future noneconomic damages such as physical pain, disfigurement, physical impairment; and

    3)  All other relief which the Court or jury deems just or appropriate based upon the evidence at trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests a trial by jury, and respectfully requests that judgment be entered against Defendant for compensatory damages, pre-judgment interest, post-judgment

interest, all costs of this proceeding, and all other relief of any kind deemed proper in the premises and supported by the evidence at trial.

Respectfully submitted this 10th day of March, 2022.

BETTY CULBREATH

By: _____

Counsel for Plaintiff

Counsel for Plaintiff:

J. Wesley Hisaw (MSB No. 101767)
Holland & Hisaw
3010 Goodman Road West, Suite A
Horn Lake, Mississippi 38637
Telephone: (662) 342-1333
Facsimile: (662) 342-7321
Email: jwhisaw@hollandlaw.net

John P. Wade, Esq. (Pro Hac pending)
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Avenue, Sixth Floor
Memphis, Tennessee 38103
Telephone: 901-624-0640
Facsimile: 901-624-0650
Email: jwade@mbbslaw.com

## IN THE COUNTY COURT OF
## DESOTO COUNTY, MISSISSIPPI

BETTY CULBREATH                          **PLAINTIFF**

VS.                          **CIVIL ACTION NO.: CO2022-0388CD**

HOBBY LOBBY STORES, INC.                          **DEFENDANT**

## FIRST CONSOLIDATED SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, and REQUESTS FOR ADMISSIONS PROPOUNDED BY Plaintiff TO Defendant, Hobby Lobby Stores, Inc. PURSUANT TO M.R.C.P 33 , 34 (A), and 36

COMES NOW, Betty Culbreath, the Plaintiff, pursuant to M.R.C.P. 33 and 34, and submits the following First Consolidated Set of Interrogatories and Requests for Production of Documents to Hobby Lobby Stores, Inc., the Defendant.

Responses to the Interrogatories must be made under oath within thirty (30) days from the date of service.

With respect to the Request for Admissions, each matter of which an admission is requested is deemed admitted unless, within thirty (30) days after the date of service of the Requests, the Defendant, Hobby Lobby Stores, Inc., serves upon the Plaintiff, Betty Culbreath, a written answer or objection addressed to the matter, signed by the Defendant, Hobby Lobby Stores, Inc., or its attorney.

1

With Respect to the Requests for Production, the requested documents and things should be produced within thirty (30) days from the date of service at HOLLAND & HISAW, 3010 GOODMAN ROAD WEST, SUITE A, HORN LAKE, MISSISSIPPI 38637, for inspection and copying. Documents produced should include everything in the possession, custody or control of Defendant, or available to Defendant, and all those in privity with Defendant, relating to the following requests.

These Interrogatories and Requests shall be deemed continuing so as to require supplemental responses pursuant to M.R.C.P. 26(f), if Defendant, or anyone in privity with the Defendant, obtains further or different information between the time responses are served and the time of trial.

## SECTION 1: DEFINITIONS

Throughout these Interrogatories, including the definition of terms, the words used in the masculine gender include the feminine, and the words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or" i.e., "and/or." Where the word "including" appears, the meaning intended is "including but not limited to." As used throughout these Interrogatories, the following terms have the following meanings indicated:

(a) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

2

(b) "Person" shall mean an individual, corporation, proprietorship, partnership, association or any other entity.

(c) "Written communication" or "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in the actual or constructive possession, custody and care or control of the Defendant, including without limitation, all writings, drawings, graphs, charts, photographs, sound tapes or recordings, papers, books, accounts, letters, microfilm, magnetic tape, magnetic discs, magnetic punched cards, telegrams, invoices, statements, account recommendations, notes, minutes, inter-office memoranda, reports, studies, contracts, ledgers, books of account, vouchers, hotel charges, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, data compilation from which information can be obtained or can be translated through detection devices into reasonably useable form, or any other tangible thing which constitutes or contains matters within the scope of Rule 26 of the *Mississippi Rules of Civil Procedure.*

(d) "You" and "your" means the Defendant, Hobby Lobby Stores, Inc., and all persons acting on behalf of the Defendant, Hobby Lobby Stores, Inc., or any of it's attorneys, including all past and present employees and further includes consultants, advisors and independent contractors, past and present, or any other person or organization acting in such a consulting or advisory capacity.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated herein, you may, in lieu thereof, attach a

3

copy of such documents segregated separately with an identification of the Interrogatories to which it is submitted as being responsive.

    (e)    "Identify" with respect to a person, corporation or organization means to state the name, address, title and phone number of same.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please state the biographical information for the entity answering these interrogatories. Please be sure to include in your answer, but not limited to the following information: state the legal entity of the business (i.e., Is it a Sole Proprietorship, Joint Venture, Unincorporated Voluntary Organization, General Partnership, Limited Partnership, Limited Liability Partnership, Limited Liability Company, or Corporation?); set forth the names, addresses, titles and job descriptions of all of the owners and principals (or shareholders, as the case may be). identify the charter or written instrument under which the subject business entity operates, and indicate its date; also, please identify every governmental department or agency with whom such instrument was filed; set forth each state with whom the business is registered to conduct business and the date of such registration; provide the address and telephone number of the principal place of business; and state each address wherein the business ever had an office or conducted business; also, please provide the date upon which each facility opened and, if applicable, the date upon which it closed.

**INTERROGATORY NO. 2**: Please list the name, address, telephone number, occupation, where and by whom employed, and present whereabouts, of

anyone who **may have** discoverable information pertaining to this cause, together with a statement of the facts, information, and/or opinions about which said person may testify; and, if said testimony is opinion testimony, a summary of the basis or bases for each opinion or opinions.

**INTERROGATORY NO. 3:** Please list the name, address, and telephone number of any witness you **will or may call** to testify in this case and give a summary of the testimony that you propose to adduce from, or present by, said witnesses, including any exhibits to said testimony. **[OBJECTION WILL BE MADE AT TRIAL TO THE CALLING OF ANY WITNESS(ES) NOT LISTED IN YOUR RESPONSE TO THIS INTERROGATORY.]**

**INTERROGATORY NO. 4:** If you intend to rely upon any admissions and/or statements of any party to this action, or any agent or alleged agent of any party, as to each such admission and/or statement, set forth: (a) the date of the admission and/or statement; (b) the name, address, and position of the person making the admission and/or statement; (c) the name and address of each person to whom the admission and/or statement was made; (d) the name and address of each person present when the admission and/or statement was made; (e) the full and complete substance of the admission and/or statement; and (f) whether the admission and/or statement was in writing, and if so, identify such document.

**INTERROGATORY NO. 5:** Please identify fully each and every fact, document, photograph, videotape, correspondence and any and all tangible evidence or things which you **will or may** attempt to introduce into evidence during the

trial of this matter, and include the name, address and telephone number of the current custodian of each identified item.

**INTERROGATORY NO. 6:** Please identify each person whom you expect to call as an expert witness at trial, his or her occupation and business address, the subject matter on which he or she is expected to testify, the substance of the facts or opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**INTERROGATORY NO. 7:** Please identify each and every recorded or written statement taken or made in connection with or that may be relevant to this case. Please be sure to include in your answer the person giving the statement; the person who received the statement; the means by which the statement was transcribed or recorded; the person who presently has possession of the statement; and the date on which the statement was taken.

**INTERROGATORY NO. 8:** Has defendant been sued under his/her correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

**INTERROGATORY NO. 9:** Please state the name and address of any potential party to this lawsuit not already named as a party hereto.

**INTERROGATORY NO. 10:** If you have alleged in your answer that someone else's conduct or some other condition or event was the "sole proximate cause" of the accident in question, describe in detail the identity of such other person, event or condition.

6

**INTERROGATORY NO. 11:** If you have alleged in your answer that the plaintiff's injuries and/or damages were caused by some other injury, disease or condition, either before or after the accident and injuries in question in this case, describe in detail such pre-existing or subsequent disease, injury or condition.

**INTERROGATORY NO. 12:** Describe in your own words how the Plaintiff's injury occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the injury, including a statement in detail of the facts or information upon which this contention is based.

**INTERROGATORY NO. 13:** State whether you have been a party to any legal proceedings other than the instant one, either before or after the subject accident, including any workers' compensation claim or bankruptcy proceeding. If the answer is in the affirmative, please provide the cause number, style, court, agency or other forum in which you were a party and, to the best of your recollection, the date on which the action was filed, commenced and/or terminated.

**INTERROGATORY NO. 14:** With respect to any policy of insurance, whether primary or excess, which at the time of the subject incident, may satisfy part or all of the judgment which may be entered in this action or may insure Defendant for liability and/or damages asserted in Plaintiff's Complaint, please state: (a) The name and address of the insured, if said insured is not the Defendant; (b) The name and address of the insurer; (c) The policy number and effective dates of coverage; (d)The limits of liability; (e) Whether such coverage is primary or

7

excess; and (f) Whether a reservation of rights exists as to any such policy.

**INTERROGATORY NO. 15:** Please describe fully any and all investigation(s) of the claims which are the basis of this lawsuit (other than those that are privileged by law) including the name, address and job title of any and all individuals or entities that conducted the investigation, the date or dates the investigation was conducted and any results, findings or conclusions of said investigation. If you are claiming privilege as to any such investigation, please provide a privilege log identifying each document or thing for which you claim privilege, and an explanation of the privilege asserted.

**INTERROGATORY NO. 16:** With regard to any surveillance tapes, videos, or photographs taken of the incident that is the subject of this litigation or the scene of the incident by any employee or representative of Defendant for the period beginning two hours prior to the incident, during the incident, and/or one hour after the incident, identify the name, current address, telephone number, and job title of each such employee or representative of the Defendant, and the name and current address of the person or entity that currently has custody and control of any such surveillance tapes, videos, or photographs.

**INTERROGATORY NO. 17:** Identify all persons or entities that the Defendant alleges to be negligent, contributorily negligent, or partially negligent in the incident which forms the basis of this lawsuit, stating for each: (a) the person or entity's role in the subject incident; (b) the degree to which you allege each person or

8

entity is negligent; and (c) every act or omission which you allege contributed to each such person or entity's negligence.

**INTERROGATORY NO. 18**: State with specificity and in detail the facts upon which you rely for each affirmative defense set forth in Defendant's answer to the Complaint filed by Plaintiff in the instant cause of action.

**INTERROGATORY NO. 19:** Please particularly and specifically identify the individuals who were working for the Defendant during the week the Plaintiff's injuries occurred.

Please remember that the above interrogatories are continuing in nature and should be supplemented as you become aware of additional or different information. Pursuant to Rule 26 (f) of the Mississippi Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The undersigned attorney on behalf of his client requests pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, that you ("You" means by you individually and anyone you are involved with jointly, such as partner or co-owner) produce and permit inspection of the documents and tangible objects listed below.

Document includes the original and any other non-identical copy (whether different from the original because of notes made on such or otherwise) of all notes, minutes of meetings, reports, calls, letters, telegrams, memoranda, transcripts of telephone conversations, diaries, sound reports, and all other documentary material

of any nature whatsoever, together with any attachments thereto or enclosures therewith.

These requests are **continuing** in character. You are required to produce supplementary responses to request for documents and such additional documents if you obtain further or different documents from those that are described herein. If you fail to produce documents about any expert or fact witness sufficiently before trial so that we can prepare properly for their testimony, we intend to object to that witness being allowed to testify.

"You" includes anyone acting on your behalf. "Your" or "owned by you" includes any interest you have, including, but not limited to, interests held in trust for you or in which you or someone held an interest for you in any degree.

In responding to these requests, you are to **furnish such documents as are available** to you and any that you have access to that are currently in possession of any agent, servant, or employee, including, but not limited to, doctors, attorneys, investigators, examiners, testators, and/or evaluators employed by you or in your behalf.

If any of the requested documents is privileged material and would otherwise be producible hereunder, you are to identify said material and explain why it is privileged. In order to simplify the issues and resolve as many matters of fact as possible before trial, you are further requested that if any of the interrogatories or portions thereof cannot be answered fully, it shall be answered to the extent possible with the reasons for not answering more fully to be set out specifically. If

**10**

you object to answering or fail to answer any Interrogatory calling for certain information or to the identification of certain documents on the grounds of either attorney/client privilege or the Work Product Doctrine, or both, or any other claim of privilege, then, about such information or such documents allegedly subject to such asserted objection, you are requested to supply an identification of such information or such documents, in writing, with sufficient specificity to permit the Court to reach a determination in the event of a Motion to Compel about the applicability of the asserted objection, together with an indication of the basis for the assertion of the objection based on attorney/client privilege or the Work Product Doctrine, or any other claim or privilege. In the case of documents, the full identification of which is objected to because of either the attorney/client privilege or the Work Product Doctrine, or any other claim or privilege, such partial identification called for by this instruction shall include the nature of the document (for example, interoffice memoranda, correspondence, report), the sender or author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the name appearing on any circulation list associated with such document, and a summary statement of the subject matter of the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel, but not so complete as to vitiate the effectiveness of the assertion of the objection.

Pursuant to Mississippi Rule of Civil procedure 34 you are to organize and label the documents you produce to correspond with the paragraphs in this request.

When there are more than one type of document for a request, you are to use subfiles to keep these documents separate. For example, a response to a request on deferred compensation would require a separate folder for each plan with the subfile identified by letter ("5-A Pension Plan"; "5-B IRA"; and "5-C 401(K)").

**REQUEST NO. 1:** Please produce any and all documents, writings and tangible things identified in your answers to the Interrogatories propounded simultaneously herewith.

**REQUEST NO. 2:** Please furnish any and all documents or things of any kind, character or nature which you may introduce as evidence upon the hearing of this cause.

**REQUEST NO. 3:** Please produce a list setting forth the names and addresses of all persons who were occurrence witnesses to or who have knowledge of any relevant facts relating to this action or who possess proof of the incidents or acts involved, their relationships to you and indicating which were eyewitnesses. For each person identified, produce all written memoranda, reports, and/or photographs submitted to you or your attorney by any such person and all tape recordings or other evidence prepared from tape recordings made in connection with any wiretapping or other surveillance conducted by you or others on your behalf.

**REQUEST NO. 4:** Please produce a list of names and addresses of any and all proposed expert witnesses, certified copies of all written reports rendered to you or your attorney by any such proposed expert witnesses, and copies of all materials used by or relied upon by such expert

12

**REQUEST NO. 5:** Please produce all photographs, letters, statements, recordings, videotapes, audiotapes, documents, and tangible things that you claim support your position on the issues of this case. This specifically includes any item you will attempt to introduce at any hearing, trial or in depositions.

**REQUEST NO. 6:** Please produce all documents including, but not limited to, calendars, diaries, logs, journals, resumes, letters, and memorandums you have kept or used for the past two (2) years, that show your activities of a personal or business nature or could be used as a recording of past recollection or for the purpose of refreshing the recollection of any potential witness in this case.

**REQUEST NO. 7:** Please produce all documents or things given to, consulted or used by, any person who has investigated or has knowledge of any matter relating to the case including, but not limited to, any expert witness and any detective or investigator and copies of any reports, photographs, recordings, or documents generated or consulted by said person including, but not limited to, all reports, drafts, notes, and computations.

**REQUEST NO. 8:** Please produce all photographs, videotapes, audiotapes, or other recordings, by whatever means produced, you contend may be relevant to the claims in this case, including all photographs, tapes, or recordings of any agent, employee, or former agent or employee.

**REQUEST NO. 9:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 1 in the First Set of Interrogatories.

**REQUEST NO. 10:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 2 in the First Set of Interrogatories.

**REQUEST NO. 11:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 3 in the First Set of Interrogatories.

**REQUEST NO. 12:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 4 in the First Set of Interrogatories.

**REQUEST NO. 13:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 5 in the First Set of Interrogatories.

**REQUEST NO. 14:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 6 in the First Set of Interrogatories.

**REQUEST NO. 15:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 7 in the First Set of Interrogatories.

**REQUEST NO. 16:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 8 in the First Set of Interrogatories.

**REQUEST NO. 17:** Produce any and all documents utilized in responding to

14

and/or relating to your response to Interrogatory Number 9 in the First Set of Interrogatories.

**REQUEST NO. 18:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 10 in the First Set of Interrogatories.

**REQUEST NO. 19:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 11 in the First Set of Interrogatories.

**REQUEST NO. 20:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 12 in the First Set of Interrogatories.

**REQUEST NO. 21:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 13 in the First Set of Interrogatories.

**REQUEST NO. 22:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 14 in the First Set of Interrogatories.

**REQUEST NO. 23:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 15 in the First Set of Interrogatories.

**REQUEST NO. 24:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 16 in the First Set of

Interrogatories.

**REQUEST NO. 25:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 17 in the First Set of Interrogatories.

**REQUEST NO. 26:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 18 in the First Set of Interrogatories.

**REQUEST NO. 27:** Produce any and all documents utilized in responding to and/or relating to your response to Interrogatory Number 19 in the First Set of Interrogatories.

**REQUEST NO. 28:** Please produce all documents which support your affirmative defenses in any Answer you file.

**REQUEST NO. 29:** Please provide color copies of all pictures, all photographs, whether they be digital or otherwise, or video(s) of the Plaintiffs, the Defendant, the scene of the incident involved in this litigations, or any other object or thing involved in this cause that either you, your attorney or your insurance company have or know of that are related to the accident that is the subject of this lawsuit.

**REQUEST NO. 30:** Produce the originals or true, legible copies of any manuals, policies and procedures, training materials, memorandum, or other documents of any kind or nature which direct employees or representatives of the Defendant in inspecting, cleaning, removing debris, spills, or obstacles, or other

aspects of customer safety with regard to Defendant's establishment or business that were in effect on November 11, 2019.

**REQUEST NO. 31:** Produce the originals or true, legible copies of any manuals, policies and procedures, training materials, memorandum, or other documents of any kind or nature which direct employees or representatives of the Defendant to caution or warn customers regarding slippery conditions, debris or obstacles that may be a dangerous or any hazardous condition in Defendant's establishment or business that were in effect on November 11, 2019.

**REQUEST NO. 32::** Produce the originals or true, legible copies of all materials, including but not limited to, employee manuals, memoranda, correspondence, films, training manuals, training films or videos, or other forms of materials pertaining to safety rules and/or regulations to be followed by Defendant's management and/or employees to insure customer safety in Defendant's stores and/or premises.

**REQUEST NO. 33:** Produce the originals or true, legible copies of any and all documents of any kind relating to this case, including but not limited to reports, statements, correspondence, log entries, notes, memorandum, internal memos, photographs, slides, videos, films, digital recordings, evaluations, diagrams, investigations, e-mails, and/or electronically stored communications or information, or other forms of physical evidence which in any way directly or indirectly pertain to the claims or defenses of the parties in this litigation, with the exception of any such materials that are protected by attorney-work product or attorney-client privilege.

**REQUEST NO. 34:** Produce the originals or true, legible copies of any and all insurance policies under which the Defendant or any person or entity may be liable to satisfy on behalf of Defendant part or all of a judgment that may be rendered in this cause of action or to provide indemnification or reimbursement for payments made by the Defendant for any damages sustained by the Plaintiff with regard to this litigation.

**REQUEST NO. 35:** Any drawings, plats, diagrams or surveys of the scene of this incident or any other item involved in this cause.

**REQUEST NO. 36:** Any documents, books, scholarly journals, and treatises upon which Defendant's expert witness may or will rely for formulating his or her opinion. (This request is specifically limited to the specific information to be used at trial or to formulate the expert's expressed opinion.).

**REQUEST NO. 37:** The Expert witnesses' most recent curriculum vitea;

**REQUEST NO. 38:** Styles of other cases in which the expert has either testified or has formulated an opinion within the past five years.

**REQUEST NO. 39:** All reports, data, records, notes, documents, pictures, and tangible evidence of every kind or character which your expert or experts will rely on at trial and upon which he or she will base their testimony.

**REQUEST NO. 40:** Any document or other tangible thing that you obtained by use of any subpoena during the course of this litigation.

**REQUEST NO. 41:**   Any document or other tangible thing that you intend to use as a demonstrative exhibit or evidence at the trial of this matter, or any deposition taken related to this matter.

**REQUEST NO. 42:**   Please produce all documents, records, correspondences, reports, and/or memoranda referring in any way to the inspecting, managing, housekeeping, and/or maintenance of the rea referred to in the complaint, and/or the subject Hobby Lobby.

**REQUEST NO. 43:**   Please produce copies of any photographs, still or motion pictures, and/or videotape(s) of the incident scene, taken between the hours from two hours before the incident and two hours after.

**REQUEST NO. 44:**   Please produce any and all documents that show that the defendant met its own policies, procedures, rules, regulations, guidelines, protocols, and/or directives or otherwise ensured that the area of the premises where Plaintiff fell on November 11, 2019, was properly inspected, managed, housekept, and/or maintained at the time of the November 11, 2019 occurrence.

**REQUEST NO. 45:**   Please produce copies of any and all inspection logs and/or any and all other documents of any kind or by any other name which reflect inspecting, managing, housekeeping, and/or maintenance of the area of the premises where Plaintiff fell between the hours of two hours before the incident and two hours after.

**REQUEST NO. 46:**   Please produce any and all incident reports and documents taken or prepared by Defendant regarding Plaintiff's fall.

**REQUEST NO. 47:** Please produce any and all reports and/or statements concerning the fall submitted to and/or taken by Defendant's insurance company/companies.

**REQUEST NO. 48:** Please produce copies of any and all photographs and videotapes and moving pictures of the Plaintiff.

**REQUEST NO. 49:** Please produce any employee handbooks, police or procedure manuals, videotapes, motion pictures, movies and/or materials of any other name that are related to Defendant's policies regarding safety, proper training, testing, hiring, retention, interviewing, or anything else related to ensuring the area of the premises where Plaintiff fell was safe with regard to slips and falls.

## REQUEST FOR ADMISSIONS

The undersigned attorney on behalf of his client requests that you make the following admissions pursuant to Mississippi Rule of Civil Procedure 36 and the applicable local rules of court for the purpose of this action only and subject to all pertinent objections to the admissibility that may be interposed at trial.

Should you admit or deny the truth of any matter of fact or information or belief, so state in detail the nature and source of the information on which said response is based. You are further notified that if the following admissions are not properly responded to, the requesting party will seek full sanctions as provided in the Mississippi Rules of Civil Procedure including, but not limited to, moving the

Court to assess the expenses of proving the fact covered by said admissions, including attorney's fees incurred in making such proof.

**REQUEST NO. 1:** Please admit that you are liable for the Plaintiff's injuries.

**REQUEST NO. 2:** Please admit that all of the allegations in the Complaint of Betty Culbreath are true.

## CONCLUSION

The propounding party at the time of the trial will move the Court for an Order excluding from evidence all tangible or intangible things known to you at the time of your answer to these Requests for Production of Documents and Interrogatories not disclosed in your responses thereto.

Please further note that pursuant to Rule 37(c) of the Mississippi Rules of Civil Procedure regarding Requests for Admission, any document later proved to be genuine which has been denied or the truth of any matter later proved which has been denied may subject you to paying reasonable expenses for the incurred in making that proof, including reasonable attorney's fees.

21

Respectfully submitted,

**BETTY CULBREATH**

Plaintiff

/s/ J. Wesley Hisaw

BY: **J. WESLEY HISAW (MSB 101767)**
   Attorney for Plaintiff
   **Holland & Hisaw**
   3010 Goodman Road West, Suite A
   Post Office Box 256
   Horn Lake, Mississippi 38637
   Telephone:  662-342-1333
   Facsimile:  662-342-7321

22

## CERTIFICATE OF SERVICE

I, J. Wesley Hisaw, Attorney for Betty Culbreath, do hereby certify that a true and correct copy of the *First Consolidated Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions* are being served upon the Defendant with the Complaint for Damages via private process server.

**SO CERTIFIED,** this the 11th day of March 2022.

/s/ *J. Wesley Hisaw*_____
**J. Wesley Hisaw, MSB 101767**
**Certifying Attorney**

23